IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAUL CLARK; BRUCE CLARK AND IRAIDA CLARK,<br>Plaintiffs,<br><br>vs.<br><br>MICHAEL T. CONAHAN; MARK A. CIAVARELLA; THE LUZERNE COUNTY JUVENILE PROBATION DEPARTMENT; SANDRA BRULO; ROBERT J. POWELL; PA CHILD CARE, LLC; ROBERT K. MERICLE; MERICLE CONSTRUCTION, INC.; GREGORY ZAPPALA; PINNACLE GROUP of JUPITER, LLC; BARBARA CONAHAN; CINDY CIAVARELLA; BEVERAGE MARKETING OF PA, INC,; VISION HOLDINGS, LLC; MID ATLANTIC YOUTH SERVICES CORP.; POWELL LAW GROUP, P.C.; JOHN DOE DEFENDANTS NOS. 1-10 AND JOHN DOE ENTITIES NOS. 1 through 10,<br>Defendants. | CIVIL ACTION NO. 3:09-cv-02535<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT<br><br>FILED<br>SCRANTON<br><br>FEB 0 2 2010<br><br>PER _____<br>DEPUTY CLERK |

## MOTION OF DEFENDANT MARK A. CIAVARELLA, JR. TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### INTRODUCTORY PARAGRAPH

AND NOW, comes the Defendant Mark A. Ciavarella, Jr., pro se, and moves this Honorable Court, for the dismissal of the Plaintiffs' Complaints in their entirety, averring in support thereof the following:

1. This Complaint filed by minor plaintiff and his family assert claims brought under 42 U.S.C. §1983 for the redress of rights secured by the United States Constitution and under 18

U.S.C. §1964 for civil violates of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961-1868 ("RICO"). Plaintiffs' Complaint also sets forth a cause of action for false imprionsment.

2. The essence of the Plaintiffs' Complaints is that Ciavarella had a financial interest in placing youth in detention[1] and that the adjudication of every juvenile found delinquent or referred for placement by him was tainted.

3. The Complaint alleges that his adjudication violated minor Plaintiff's constitutional right to be adjudicated by an impartial tribunal.

4. Plaintiffs have alleged that among the constitutional rights violated include the right to appear before an impartial tribunal, the right to counsel and the right to be advised of the consequences of waiving counsel or entering a guilty plea such that waivers and pleas are knowing, intelligent, and voluntary consistent with due process.

5. All of the alleged unconstitutional treatment of minor Plaintiff listed in the Complaint was undertaken by Ciavarella in his capacity as Judge of the Court of Common Pleas of Luzerne County.

6. The Defendant moves to dismiss Plaintiffs' Complaints in its entirety, both with respect to the claims brought under 42 U.S.C. §1983 as well as the claims brought under 18 U.S.C. § 1961-1968, the claim of False Imprisonment and Intentional Infliction of Emotional Distress (IIED) based upon the doctrine of judicial immunity. Since 1872, the United States Supreme Court has held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 13 WALL. 335, 351, 20

---

[1] Although not germane for this Motion, Ciavarella denies that any adjudication of any

L.Ed. 646 (1872). Moreover, subsequent to the broad holding in <u>Bradley</u>, the Supreme Court held that the doctrine of judicial immunity was applicable in suits under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, as it is clear that the legislative record developed during the adoption of that statute gave no indication that Congress intended to abolish this long-established principle. <u>Pierson v. Ray</u>, 386 U.S. 587, 87 S.Ct. 1213, 18 L.Ed. 2d. 288 (1967). Also, see Opinion of Judge Caputo in the case of Wallace v. Powell, Civil Action No. 3:09 CV 286 dated November 20, 2009.

7. The defense of judicial immunity has also been held applicable in this Circuit to claims brought against judges under 18 U.S.C.A. § 1961("RICO"), <u>Purpura v. Buskin, Gaims, Gains, Jonas and Stream</u>, slip copy, 2008 WL 4951324 (D.N.J. 2008).

8. It is well-settled that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed. 2d 331 (1978). Furthermore, the scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. <u>Stump</u>, *supra*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was an error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction' ". <u>Stump</u>, *supra*, 435 U.S. at 356, 357, citing <u>Bradley v. Fisher</u>, 13 WALL. at 351.

9. Reading the Complaint and its allegations in the light most favorable to the Plaintiffs establishes that all of the alleged injurious acts taken by Ciavarella against minor Plaintiff were performed in his capacity as judge of the Court of Common Pleas of Luzerne County and,

---

juvenile was entered on a *"quid pro quo"* basis.

therefore, under the well-settled test adopted by the United States Supreme Court he is entitled to absolute immunity from civil suits for damages arising out of the adjudications and detentions alleged by the Plaintiffs.

Respectfully submitted,

*Mark A. Ciavarella*
Mark A. Ciavarella, Jr., pro se

## CERTIFICATE OF SERVICE

I, Mark A. Ciavarella, Jr., pro se, hereby certify that on 2nd day of February, 2010, I served a true and correct copy of the foregoing Motion to Dismiss of Defendant Mark Ciavarella upon the following individuals, by the means indicated below:

### First Class Mail, Postage Prepaid

Bridget E. Montgomery, Esquire
David J. Schertz, Esquire
Eckert Seamans Cherin & Merlott, LLC
213 Market Street
8th Floor
Harrisburg, PA 17101-2132

Michael O'Mullan, Esquire
Riker Danzig Scherer Hyland & Perretti, LLP
One Speedwell Avenue
Morristown, NJ 07962